## THE CITY OF MEXICO.  (TIFT, intervening, etc.)

*(District Court, D. Florida.  April 19, 1886.)*

SHIPS AND SHIPPING—PROVISIONS FURNISHED TO VESSEL HELD FOR PIRACY.
     Expenses for provisions provided passengers and crew detained on board a
     vessel under seizure, after arrival in port, and before service of attachment
     under libel for forfeiture, allowed against the vessel.

Forfeiture.
*W. C. Maloney,* for petitioner.
*G. B. Patterson* and *W. W. McFarland,* for claimant.
*L. W. Bethel,* for the United States.

LOCKE, J.  When this vessel arrived in port there were on board over 60 passengers, and crew, but the stores and provisions had been entirely exhausted.  The crew were performing their regular duties on board, and the passengers were charged with being engaged in an illegal and criminal voyage, which justified their detention; and there was no one present at that time competent or authorized to order the discharge of either, and, had there been, the vessel's being placed in quarantine would have prevented them from leaving the ship.  Under these circumstances, Lieut. Elliott, United States naval officer in charge, made arrangements with the petitioner for supplying such provisions as were necessary, and this petition has been filed to obtain payment.

In defense it is urged that the indebtedness was incurred, not by the authority of the owners of the vessel, but by the officers, after a seizure, and while she was in custody of the government; that no advantage came to the owners, nor was the vessel bound to provide the passengers with provisions after their arrival in port; that they were unreasonably detained on board, and it should not be at the expense of the ship.

These bills were incurred before there had been an opportunity for attachment by the marshal under a warrant, and were rendered necessary by the peculiar circumstances.  Any other course than that pursued would have been objectionable.  The circumstances of her seizure justified the detention of those on board until the law officers of the government could have an opportunity to inquire into the facts of the case.  The relations existing between the vessel and those on board were such as should make her responsible for their subsistence as long as they remained on board, regardless of the question as to who had charge of her.  The position of the passengers on board was different from that of ordinary passengers who had taken passage from port to port, and whose voyage had terminated.  The vessel had been placed at the disposal of Gen. Delgado, in whose employment and pay the rest all seem to have been, and she, and the owners through

her, must be held to be responsible for the payment of any expenses on their account. This, as well as the amount of wages, is an expense which has been properly incurred on account of the seizure, and the final payment of which must depend upon the determination of the question of forfeiture.

Let judgment be•entered for the amount proven.